UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DO VAN TIN, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 24-2534 (UNA) |
| CREDIT AGRICOLE CIB-CHICAGO, *et al.*, | ) |
|       Defendants. | ) |

### Memorandum Opinion

Before the Court is Plaintiff Do Van Tin's *pro se* complaint and motion for leave to proceed *in forma pauperis* ("IFP"). Tin seeks a jury trial against Defendant banks in Chicago, Houston, New York, and California "about stole[n] fraudulent appropriation" of his "privacy paper documents" and demands "unconditional compensation amounting [to] . . . three thousand billion United States Dollars." ECF No. 1 at 3. Tin references a DHL Express "Waybill number" and an October 13, 2020, "Shipment Date" from Vietnam to "Chair Jerome H. Powell, Board of Governors of the Federal Reserve System" in Washington, D.C., and seems to allege that Defendants concealed the appropriation of his "father's saving deposits at year 1974 in Vietnam to present." *Id.* Tin also describes his lawsuit against an affiliated bank in Vietnam, presumably to recover his father's funds. *See id.* at 6–8.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), they must comport with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim

showing that the pleader is entitled to relief, and a demand for the relief the pleader seeks. Fed. R. Civ. P. 8(a). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Tin has not pleaded a basis for federal court jurisdiction and alleged a coherent set of facts to "give the defendants fair notice of what the claim is and the grounds upon which it rests." *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (citation omitted). Consequently, this case will be dismissed by separate order.

Date: January 28, 2025

_____
AMIR H. ALI
United States District Judge